# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREAT NORTHERN INSURANCE COMPANY )
A/S/O DAN and DANIELLE PERPER, )  No. _____
)
       Plaintiffs, )  Removed from
)  Circuit Court 19th Judicial
       vs. )  Lake County
)  Case No. 18L 00000864
AMAZON.COM, INC., and SHENZHEN )
DOUBLE KING TECHNOLOGY CO., LTD., )
)
       Defendants. )
)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Amazon.com, Inc., removes this case from the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## INTRODUCTION

Plaintiff Great Northern Insurance Company is the subrogee of Dan and Danielle Perper. This lawsuit involves a fire at the Perpers' Highland Park, Illinois, home, which Plaintiff claims was caused by a hoverboard designed, prepared, manufactured, advertised, marketed, distributed, supplied, or sold by Defendant Shenzhen Double King Technology Company LTD ("Shenzhen") and/or Defendant Amazon.com ("Amazon"). (Complaint ¶ 12) Plaintiff seeks almost $4,000,000 in damages. (Complaint ¶ 16)

On November 2, 2018, Plaintiff filed this civil action in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 2018-L-00000864. Plaintiff served the Complaint

on Amazon, through its registered agent, on January 3, 2019. True and correct copies of the Summons and Complaint are attached as Exhibit A.

## I.  THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff initially filed this action in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Complete Diversity Exists

Plaintiff and Defendants are corporations. Under 28 U.S.C. § 1332, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business.

The Plaintiff and Defendants' citizenships are described below.

1.  Plaintiff is a corporation organized under the laws of Indiana and its principal place of business is in New Jersey. It is therefore a citizen of Indiana and New Jersey. (Complaint ¶ 1)

2.  Amazon.com, Inc. is a corporation organized under the laws of Delaware and its principal place of business is in Washington. (Complaint ¶ 3) It is therefore a citizen of Delaware and Washington.

3.  Shenzhen Double King Technology Company LTD is a corporation organized under the laws of the People's Republic of China. Its principal place of business is in Shenzhen, Guangong, China. (Complaint ¶ 7) It is therefore a citizen of a foreign state as defined in 28 U.S.C. §§ 1332 and 1603. Further, Amazon has searched the records of the Secretary of State of Illinois, Indiana and New Jersey and no entity named Shenzhen Double King Technology Company LTD is incorporated or organized in Illinois, Indiana or New Jersey or registered to do business in Illinois, Indiana or New Jersey.

Because Plaintiff is a citizen of Indiana and New Jersey, and all Defendants are foreign citizens or citizens of states other than Indiana and/or New Jersey, complete diversity exists between Plaintiff and Defendants.

**B.      The Amount In Controversy Exceeds $75,000**

Plaintiff seeks damages in the amount of $3,830,588.18. (Complaint ¶ 16)

## II.      ALL SERVED DEFENDANTS CONSENT TO REMOVAL

Plaintiff has not filed proof of service for Defendant Shenzhen in state court. (Affidavit of Attorney for Amazon, John B. Sample, attached hereto as Exhibit B) This may be because Shenzhen is located in China, and service on Chinese entities is known to take a significant amount of time. Because Defendant Shenzhen has not been served, its consent is not required under 28 U.S.C. § 1446(b)(2)(A). Defendant Amazon consents to removal.

## III.      SERVICE OF COMPLAINT

Defendant Amazon was served, via its registered agent, with copies of the summons and complaint on January 3, 2019. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## IV.      VENUE OF REMOVED ACTION

The Northern District of Illinois, Eastern Division, is the United States District Court for the district and division embracing the state court where this action was filed and is pending. Therefore, venue is proper in this Court under 28 U.S.C. § 1441(a).

## V.      NOTICE TO THE STATE COURT

A copy of this notice of Removal is being served on all parties and filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, where this case was originally filed.

## VI.   PLEADINGS IN THE STATE COURT ACTION

All process, pleadings, and orders served upon Amazon in this action are attached as

Exhibit A.

Respectfully submitted,

Amazon.com, Inc.,

By: _____ /s/ John B. Sample _____
One of Its Attorneys

John B. Sample
jsample@perkinscoie.com
**PERKINS COIE LLP**
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400
Attorney No.  6321438

## CERTIFICATE OF SERVICE

I, John B. Sample, certify that on February 1, 2019, I caused the attached NOTICE OF REMOVAL to be served by email and U.S. Mail by causing a copy to be deposited, in a properly-addressed envelope with proper postage prepaid, in the mailbox located at 131 S. Dearborn Street, Chicago, Illinois 60603 on the parties listed below:

### *Counsel for Plaintiffs*:

Jonathan M. Heilman
Schueler, Dallavo & Casieri
233 South Wacker Drive
Suite 6150
Chicago, IL 60606
Tel: (312) 831-1090
jheilman@sdc-atty.com

/s/ John B. Sample

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

|  |  |
|---|---|
| Great Northern Insurance Company a/s/o Dan and Danielle Perper, | ) |
| Plaintiff(s) | ) |
| vs. | ) |
|  | ) |
| Amazon.com, Inc., and Shenzhen Double King Technology Co., LTD., | ) |
| Defendant(s) | ) Gen No: 18 L 00000864 |

## APPEARANCE

☑ **By an attorney:**

The undersigned _____ John B. Sample _____ hereby enters an appearance

on behalf of _____ Amazon.com, Inc., Defendant _____ in the above entitled cause.

☐ **By an individual pro se:**

The undersigned _____ hereby enters an appearance

on behalf of myself in the above entitled cause.

_____ /s/ John B. Sample _____
Signature

Prepared by:

Name: ___ John B. Sample / Perkins Coie LLP ___ Pro Se ☐

Address: ___ 131 South Dearborn Street, Suite No. 1700 ___

City: ___ Chicago ___ State: ___ Illinois ___

Phone: ___ (312) 324-8495 ___ Zip Code: ___ 60603 ___

ARDC #: ___ 6321438 ___

Fax: ___ (312) 324-9495 ___

E-mail address: ___ JSample@perkinscoie.com ___

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

Great Northern Insurance Company a/s/o Dan and Danielle Perper )
)
)
)
)
)
)
)
Plaintiff(s) )
)
vs. )
)
Amazon.com, Inc., and Shenzhen Double King Technology Co., LTD )
)
)
)
)
)
)
)
Defendant(s) )

Case No: 18L 00000864 _____

PLEASE SERVE:
Amazon.com, Inc.,
Illinois Corporation Service
Company - R/A
801 Adlai Stevenson Dr.
Springfield, IL 62703

ALIAS SUMMONS

To each defendant:

    You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

171-138 Rev 07/18

This summons may not be served later than 30 days after its date.



12/18/2018

WITNESS _____

*Erin Cartwright Weinstein*

ERIN CARTWRIGHT WEINSTEIN,
Clerk of Court

SL

Prepared by:
Name: Jonathan M. Heilman _____ Pro Se ☐

Address: 233 S. Wacker Drive, Suite 5230

City: Chicago _____ State: IL _____

Phone: 312-831-1090 _____ Zip Code: 60606 _____

ARDC #: 6292987

Fax: 312-831-4141

E-mail address: jheilman@sdc-atty.com

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20_____ (to be inserted by officer on copy left with defendant or other person).

| SHERIFF'S FEES | ( Service and return .............................................. $ _____ |
| | ( |
| | ( Miles_____ .............................................. $ _____ |
| | ( |
| | ( Total.............................................................. $ _____ |

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____

_____

_____

_____

(b)-(Individual defendants – abode):

By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation Service | Registered agent, officer or agent | Date of |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):

_____

_____

_____

_____ Sheriff of _____ County

By: _____

(Deputy)

171-138 Rev 07/18

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

GREAT NORTHERN INSURANCE
COMPANY A/S/O DAN AND DANIELLE
PERPER

      Plaintiff,

      v.

AMAZON.COM, INC., and SHENZHEN
DOUBLE KING TECHNOLOGY CO., LTD

      Defendants.

File No.:  **18L 00000864**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GREAT NORTHERN INSURANCE COMPANY A/S/O DAN AND DANIELLE PERPER, by and through its attorneys, SCHUELER, DALLAVO & CASIERI, and for its Complaint against the Defendants, AMAZON.COM, INC., and SHENZHEN DOUBLE KING TECHNOLOGY CO., LTD, states as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff, GREAT NORTHERN INSURANCE COMPANY ("GREAT NORTHERN") is an Indiana corporation with its principal place of business located at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889.

2.    At all relevant times, GREAT NORTHERN was authorized to issue insurance policies in the State of Illinois.

3.    Defendant, AMAZON.COM, INC. (hereinafter referred to as "AMAZON"), is and was at all relevant times a Delaware corporation with its corporate headquarters located at 410 Terry Avenue North, Seattle, Washington 98109.

4.    AMAZON is a worldwide seller and distributor of products through the website Amazon.com.

5.     AMAZON does, and at relevant times stated herein did, business in Illinois either through itself or the many wholly-owned subsidiaries and affiliated corporations and entities which it controls.

6.     AMAZON has no parent company. AMAZON is the sole proper AMAZON entity with respect to the allegations made in this Complaint.

7.     Defendant, SHENZHEN DOUBLE KING TECHNOLOGY CO., LTD (hereinafter referred to as "SHENZHEN"), is a Chinese company with its principal place of business located at 522/523A, Floor 5, Maoye Business Bldg., No. 245, Busha Road, Buji Street, Shenzhen, Guangdong, China 518000.

8.     SHENZHEN is, and at all relevant times mentioned herein was, a professional exporter and manufacturer designing, producing, and marketing electric scooters and other electric self-balancing wheels.

9.     DAN and DANIELLE PERPER (collectively referred to hereinafter as the "PERPERS") own a home located at 1689 Spruce Street, Highland Park, Illinois 60035 (the "Perper residence").

10.     On November 1, 2015, AMAZON sold an item via the Amazon.com website described as: "Smart Unicycle 2 Wheel Self Balancing Electric Scooter Balance Hover Board Colour Black" (hereinafter referred to as the "Hoverboard").

11.     SHENZHEN manufactured the Hoverboard.

12.     On February 16, 2016 (the "date of loss"), the PERPERS' daughters were playing on the Hoverboard in the Perper residence shortly before leaving the Perper residence at approximately 6:40 p.m.

2

13.    Shortly before 7:00 p.m. on the date of loss, a fire broke out at the Perper residence (the "fire"), which resulted in extensive damage to the real and personal property located at the Perper residence.

14.    The fire originated in an area of the Perper residence where the Hoverboard was located when the fire commenced.

15.    At all relevant times, the PERPERS were the named insureds on a policy of insurance issued by GREAT NORTHERN (policy number 1373632301) (the "subject policy").

16.    Pursuant to the subject policy and as a result of the extensive damage caused by the fire, GREAT NORTHERN has paid $3,830,588.18 to/and or on behalf of the PERPERS.

17. .   GREAT NORTHERN is subrogated to the rights of the PERPERS to bring this action against the Defendant, AMAZON.

18.    At no point prior to the date of loss did the PERPERS receive any warning from AMAZON that the Hoverboard could overheat and spontaneously combust, that the lithium battery package contained in the Hoverboard was a counterfeit Samsung battery package produced by a Chinese manufacturer (as opposed to a genuine Samsung battery package as represented on AMAZON's website), or that the battery package was dangerous and posed a serious risk of injury or death to the Perper family.

19.    Prior to the date of loss, AMAZON knew of multiple instances of fires caused by hoverboards purchased via Amazon.com. AMAZON was notified in writing of at least the following fires erupting from hoverboards sold via Amazon.com:

- November 11, 2015 – Somerville, MA
- November 18, 2015 – Chicago, IL
- November 20, 2015 – Torrance, CA

3

- November 21, 2015 – Lafitte, LA

- November 27, 2015 – Ashtabula, OH

- November 27, 2015 – Gulf Shores, AL

- December 18, 2015 – Lincoln, NE

- December 23, 2015 – Medford, OH

- January 3, 2016 – Nashville, TN

20.    In addition, AMAZON knew as a result of being notified of the above fires that nearly all of them involved a product labeled "Smart Balance Wheel" from unknown manufacturers from China, that these products were flooding the American marketplace in the latter part of 2015, that the lithium batteries were almost certainly the source of these fires, and that these deadly products were most often kept in the bedrooms of children.

21.    Because they were such popular items for the 2015 Christmas season in the United States as well as western Europe, hoverboards were being manufactured by the hundreds of thousands from unknown manufacturers, predominantly in China. These products were poorly manufactured and were dangerous, primarily because of the poorly manufactured lithium batteries which posed a significant risk of fire and personal injury or death. AMAZON knew that the lithium batteries in the hoverboards that it sold and/or distributed were being manufactured in an unsafe manner. AMAZON also knew that the lithium batteries in the hoverboards that it sold and/or distributed were being misrepresented on the Amazon.com website as the batteries of leading electronics providers.

22.    AMAZON engaged in an aggressive sales campaign through the holiday season, ignoring knowledge of the dangers of hoverboards sold and/or distributed through its website for

money. Specifically, AMAZON was using its "brand" to increase the sales of hoverboards during the 2015 holiday season, including offering incentives to sellers to utilize the AMAZON brand to increase the sales of products. Hoverboards were one of, if not the most, popular products of the 2015 holiday season on AMAZON s website.

23. Both before and after the fire at the Perper residence, United States and United Kingdom customs authorities seized hoverboards by the thousands for violating safety laws and regulations relating to potentially explosive lithium batteries.

24. All, or nearly all, of the hoverboards being sold and/or distributed by AMAZON and others in the United States, including the one sold by AMAZON to the PERPERS, failed to comply with UN/DOT 38.3, Transport of Dangerous Goods For Lithium Metal and Lithium Ion Batteries. These hoverboards, including the one sold to the PERPERS, were extremely dangerous and presented a substantial product hazard, as defined in 15 U.S.C. § 2064(a). AMAZON knew of these product hazards well in advance of the fire at the Perper residence on the date of loss.

## COUNT I – PRODUCT LIABILITY

25. GREAT NORTHERN reincorporates the allegations contained in paragraphs 1-24 as if they were fully set forth herein.

26. At all relevant times, AMAZON was a seller, distributor, and/or entity otherwise in the distributive chain of the Hoverboard.

27. At all relevant times, AMAZON had a duty not to sell or distribute any product that was defective and/or unreasonably dangerous.

28. Notwithstanding the aforementioned duty, AMAZON sold, distributed, and/or played an integral role in the marketing and distribution of the Hoverboard.

5

29. The Hoverboard was defective and/or unreasonably dangerous at the time it left the control of its manufacturer.

30. The PERPERS received the Hoverboard in the same defective and unreasonably dangerous condition that the Hoverboard was in at the time it left the control of its manufacturer.

31. The Hoverboard –more specifically the lithium battery pack contained within the Hoverboard- spontaneously combusted after normal use, resulting in a catastrophic fire that caused extensive damage to the real and personal property at the Perper residence.

32. As a seller, distributor, or entity otherwise in the distributive chain of the Hoverboard, AMAZON is liable for the damage caused by the spontaneous combustion of the Hoverboard on the date of loss in one or more of the following ways:

      a. sold, distributed, and/or played an integral role in the marketing and distribution chain of the Hoverboard, which was not safe for all reasonably foreseeable uses;

      b. failed to warn the PERPERS of the Hoverboard's defective condition and the dangers and hazardous conditions associated with said condition.

33. As a direct and proximate result of AMAZON's acts and/or omissions, GREAT NORTHERN has paid $3,830,588.18 to and/or on behalf of the PERPERS to cover the extensive damage caused by the fire.

34. As a result of the payments made to and/or on behalf of the PERPERS, GREAT NORTHERN is now subrogated to the rights of the PERPERS and is a bona fide subrogee against AMAZON, the entity responsible for the damage described herein.

WHEREFORE, Plaintiff, GREAT NORTHERN INSURANCE COMPANY A/S/O DAN AND DANIELLE PERPER, requests judgment in its favor and against Defendant,

AMAZON.COM, INC., in the amount of $3,830,588.18 and any other award this court deems just.

## COUNT II – NEGLIGENCE

35.    GREAT NORTHERN reincorporates the allegations contained in paragraphs 1-24 as if they were fully set forth herein.

36.    At all relevant times, AMAZON had an ongoing duty to warn purchasers of any potential hazardous conditions of products that it sold, distributed, and/or played an integral role in the marketing and distribution of, even if AMAZON learned of said potential hazardous conditions after the products were sold or distributed.

37.    By the time the PERPERS purchased the Hoverboard, or very soon thereafter, AMAZON was aware that numerous hoverboards sold via Amazon.com were defective and/or unreasonably dangerous, that said hoverboards posed a substantial and unjustifiable risk of fire, and that the lithium battery packs utilized in hoverboard products sold via Amazon.com were poorly manufactured and posed a substantial and unjustifiable risk of fire.

38.    AMAZON became aware of multiple fires from hoverboards around the United States and in other countries prior to the date of loss.

39.    AMAZON knew or should have known between November 1, 2015 and the date of loss that hoverboards purchased via Amazon.com, including the Hoverboard, posed a substantial and unjustifiable risk of fire or that the lithium battery packs utilized in said hoverboards, including the lithium battery pack utilized in the Hoverboard, were poorly manufactured and posed a substantial and unjustifiable risk of fire.

40.    AMAZON knew or should have known between November 1, 2015 and the date of loss that many of the representations made on AMAZON's website were false. Specifically,

7

AMAZON knew or should have known between November 1, 2015 and the date of loss that the Hoverboard did not contain an original Samsung battery pack.

41.    Notwithstanding the duty referenced in paragraph 36, AMAZON failed to warn the PERPERS about the substantial and unjustifiable risk of fire relating to the Hoverboard.

42.    AMAZON's failure to warn as described in paragraph 41 constitutes common law negligence.

43.    As a direct and proximate result of AMAZON's negligence, the real and personal property located at the Perper residence sustained extensive damage.

44.    As a direct and proximate result of AMAZON's negligence, GREAT NORTHERN has paid $3,830,588.18 to and/or on behalf of the PERPERS to cover the extensive damage caused by the fire.

45.    As a result of the payments made to and/or on behalf of the PERPERS, GREAT NORTHERN is now subrogated to the rights of the PERPERS and is a bona fide subrogee against AMAZON, the entity responsible for the damage described herein.

WHEREFORE, Plaintiff, GREAT NORTHERN INSURANCE COMPANY A/S/O DAN AND DANIELLE PERPER, requests judgment in its favor and against Defendant, AMAZON.COM, INC., in the amount of $3,830,588.18 and any other award this court deems just.

## COUNT III –NEGLIGENT MISREPRESENTATION

46.    GREAT NORTHERN reincorporates the allegations contained in paragraphs 1-24 as if they were fully set forth herein.

47.    AMAZON knew, or should have known, that:

    a.    The Hoverboard was falsely represented on Amazon.com;

8

b.  The Hoverboard did not contain an "Original Samsung Advanced Battery" pack, as represented;

c.  The Hoverboard failed to comply with federal law, as more fully described in paragraph 24; and

d.  The Hoverboard was otherwise unreasonably dangerous.

48.  The above representations, either express or implied, about the Hoverboard were false when they were made, and they were made knowingly, recklessly, or without a belief in their truth. The representations pertained to material facts, and the PERPERS reasonably relied on them to their detriment in that the Hoverboard caused a fire resulting in extensive damage at the Perper residence.

WHEREFORE, Plaintiff, GREAT NORTHERN INSURANCE COMPANY A/S/O DAN AND DANIELLE PERPER, requests judgment in its favor and against Defendant, AMAZON.COM, INC., in the amount of $3,830,588.18 and any other award this court deems just.

## COUNT IV – UNFAIR AND DECEPTIVE TRADE PRACTICES

49.  GREAT NORTHERN reincorporates the allegations contained in paragraphs 1-24 as if they were fully set forth herein.

50.  Based the foregoing allegations, AMAZON has engaged in unfair and deceptive trade practices as set forth in The Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, et. seq.) (the "Act"). AMAZON's conduct as it pertains to the Hoverboard constitutes "trade" or "commerce" pursuant to the Act.

51.  AMAZON's actions were unfair because they resulted in the purchase of a product causing extensive damage that could not have been avoided by the PERPERS.

9

AMAZON's actions were not outweighed by the countervailing benefits to consumers or competition.

52.     AMAZON's actions were deceptive because AMAZON's statements, silence, or actions caused or tended to cause consumers to believe that which was false and/or misled or tended to mislead consumers as to matters of fact. AMAZON's actions were done intentionally or negligently.

53.     AMAZON intended for the PERPERS to rely on its deceptive and unfair acts, and the PERPERS did in fact rely on said acts in purchasing the Hoverboard.

54.     As a direct and proximate result of AMAZON's violation of the Act, the real and personal property located at the Perper residence sustained extensive damage from the fire on the date of loss.

55.     As a direct and proximate result of AMAZON's violation of the Act, GREAT NORTHERN has paid $3,830,588.18 to and/or on behalf of the PERPERS to cover the extensive damage caused by the fire.

56.     As a result of the payments made to and/or on behalf of the PERPERS, GREAT NORTHERN is now subrogated to the rights of the PERPERS and is a bona fide subrogee against AMAZON, the entity responsible for the damage described herein.

WHEREFORE, Plaintiff, GREAT NORTHERN INSURANCE COMPANY A/S/O DAN AND DANIELLE PERPER, requests judgment in its favor and against Defendant, AMAZON.COM, INC., in the amount of $3,830,588.18 and any other award this court deems just.

10

Respectfully submitted:

**SCHUELER, DALLAVO & CASIERI**

BY: _____
Jonathan M. Heilman

Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 6150,
Chicago, Illinois 60606
(312) 831-1090
jheilman@sdc-atty.com
ARDC: 6292987

11

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREAT NORTHERN INSURANCE COMPANY )
A/S/O DAN and DANIELLE PERPER, )
                                    )
                Plaintiffs, )
                                    )
       vs. )
                                      )
AMAZON.COM, INC., and SHENZHEN )
DOUBLE KING TECHNOLOGY CO., LTD., )
                                      )
              Defendants. )
                                      )

No. _____

Removed from
Circuit Court 19th Judicial
Lake County
Case No. 18L 00000864

## JOHN B. SAMPLE AFFIDAVIT REGARDING SERVICE ON DEFENDANT SHENZHEN DOUBLE KING TECHNOLOGY CO., LTD.

STATE OF ILLINOIS      )
                       ) ss.
County of Lake         )

I, John B. Sample, being first duly sworn, do depose and state as follows:

1. I am over 18 years of age and competent to provide testimony under oath.

2. I am an associate in the law firm of Perkins Coie LLP. I have been licensed in the practice of law in the State of Illinois. I have personal knowledge of the facts stated herein.

3. On Friday, February 1, 2019, I spoke with a docketing clerk for the Lake County Circuit Court.

4. During my conversation with the docketing clerk, I asked if any affidavit of service or proof of service had been filed with respect to Defendant Shenzhen Double King Technology Co., Ltd., in the above captioned action.

5. The docketing clerk informed me that no affidavit of service or proof of service had yet been filed with respect to Defendant Shenzhen Double King Technology Co., Ltd., in the above captioned action.

6. On Friday, February 1, 2019, I electronically reviewed the court's docket in the above captioned action.

7. My review of the docket confirmed that no affidavit of service or proof of service had yet been filed with respect to Defendant Shenzhen Double King Technology Co., Ltd., in the above captioned action.


John B. Sample
One of the attorneys for Amazon.com, Inc.

Subscribed and sworn to before me
this _1st_ day of _February_ , 2019

_____
Notary Public

My commission expires: _11/27/2022_

"OFFICIAL SEAL"
DEBORAH A. MOTEN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 11/27/2022