UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 684 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>**

Great Northern Insurance Company brought this suit in the Circuit Court of Lake County, Illinois, against Amazon.com, Inc., alleging that it violated Illinois law in its sale of a defective "hoverboard" to non-parties Dan and Danielle Perper. Doc. 1 at 11-21. As the Perpers' insurer, Great Northern pursues subrogated claims for product liability, negligent failure to warn, negligent misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. Amazon timely removed the suit to federal court under the diversity jurisdiction, 28 U.S.C. § 1332(a), Doc. 1 at 1-4, and now moves under Civil Rule 12(b)(6) to dismiss all claims except for the product liability claim. Doc. 9. The motion is granted in part and denied in part.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set

1

forth in Great Northern's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Great Northern as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their "objective truth." *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

On November 1, 2015, the Perpers bought a "Smart Unicycle 2 Wheel Self Balancing Electric Scooter Balance Hover Board Colour Black" (the "Hoverboard") through Amazon's website. Doc. 1 at p. 12, ¶ 10. Although the Amazon listing described the Hoverboard as containing a "genuine Samsung battery package," it actually had "a counterfeit Samsung battery package produced by a Chinese manufacturer." *Id*. at p. 13, ¶ 18. The listing did not warn about the danger posed by the Hoverboard's battery package, nor did Amazon communicate any warning to the Perpers after the sale. *Ibid*. On February 16, 2016, the Hoverboard's battery spontaneously combusted, resulting in a fire that severely damaged the Perper residence. *Id*. at pp. 12-13, 16, ¶¶ 12-14, 31.

At the time the Perpers bought the Hoverboard, unknown manufacturers were producing hoverboards in large quantities, and Amazon was engaged in an "aggressive sales campaign" to increase hoverboard sales during the holiday season. *Id*. at pp. 14-15, ¶¶ 21-22. Following the sale to the Perpers but before the fire at their home, Amazon became aware of at least nine fires caused by similar hoverboards sold on its website. *Id*. at pp. 13-14, ¶ 19.

As the Perpers' insurer, Great Northern paid $3,830,588.18 to or on behalf of the Perpers as a result of the fire and is subrogated to their rights in this case. *Id*. at p. 13, ¶¶ 15-17.

**Discussion**

I.  **Negligent Failure to Warn Claim**

For its negligent failure to warn claim, Great Northern alleges that Amazon failed to warn the Perpers of the substantial risk of fire posed by the Hoverboard's battery pack. *Id*. at pp. 17-18, ¶¶ 35-45. "It is well recognized that a failure to warn of a product's dangerous propensities may serve as the basis for holding a manufacturer or seller strictly liable in tort." *Woodill v. Parke Davis & Co.*, 402 N.E.2d 194, 196 (Ill. 1980). To state such a claim, the plaintiff must "plead … that the defendant … knew or should have known of the danger that caused the injury, and that the defendant … failed to warn plaintiff of that danger." *Id*. at 198. Significantly, a negligent failure to warn claim is viable only if the defendant knew or should have known of the danger "at the time the product left its control." *Modelski v. Navistar Int'l Transp. Co.*, 707 N.E.2d 239, 246 (Ill. App. 1999). Illinois law accordingly does not recognize a post-sale duty to warn consumers of design or manufacturing defects discovered after the time of sale. *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1160 (Ill. 2011) ("[A] manufacturer is under no duty to issue postsale warnings or to retrofit its products to remedy defects first discovered after a product has left its control.").

That aspect of Illinois law dooms Great Northern's claim. Although its complaint is vague on the question, Great Northern's opposition brief characterizes its negligent failure to warn claim as a post-sale duty to warn claim, not as a time-of-sale claim. Doc. 12 at 4 ("Plaintiff alleges that[,] as a seller, Amazon … had a duty to warn of the dangers of the hoverboard *after the sale of the product*.") (emphasis added). Because no such post-sale duty exists under Illinois law, Great Northern's claim is dismissed. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 767-68 (7th Cir. 2015) (rejecting a post-sale duty to warn claim).

As Great Northern correctly observes, Doc. 12 at 5, the Supreme Court of Illinois has not "foreclose[d] the possibility that a postsale duty to warn could be recognized in the future in Illinois." *Jablonski*, 955 N.E.2d at 1162. But that recognition has not yet occurred, and this court "would need strong evidence that the Supreme Court of Illinois [wa]s on the brink of changing its position before [this court] could do likewise." *Rennert v. Great Dane L.P.*, 543 F.3d 914, 917 (7th Cir. 2008); *see also ibid.* ("We cannot overturn or disagree with a state court's authoritative rulings when we sit in diversity. Quite to the contrary, we are bound by them."). No such evidence, let alone strong evidence, is apparent, so the law remains that there is no post-sale duty to warn under Illinois law. *Cf. Home Valu, Inc. v. Pep Boys–Manny, Moe & Jack of Del., Inc.*, 213 F.3d 960, 963 (7th Cir. 2000) (holding that a federal court "faced with two opposing and equally plausible interpretations of state law" should generally "choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability") (internal quotation marks omitted); *see also Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635-36 (7th Cir. 2007) (same); *S. Ill. Riverboat Casino Cruises, Inc. v. Triangle Insulation & Sheet Metal Co.*, 302 F.3d 667, 676 (7th Cir. 2002) (same). It follows that Great Northern's negligent failure to warn claim must be dismissed.

II.     **Negligent Misrepresentation Claim**

For its negligent misrepresentation claim, Great Northern alleges that Amazon's website falsely stated that the Hoverboard had a genuine Samsung battery package, that the Perpers purchased the Hoverboard, and that the Hoverboard resulted in a fire that damaged their home. Doc. 1 at pp. 13, 19, ¶¶ 18, 48. To state a negligent misrepresentation claim under Illinois law, the plaintiff must allege "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to

4

the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833-34 (7th Cir. 2007) (citing *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 334-35 (Ill. 2006)). The grounds Amazon advances for dismissal of Great Northern's claim are unpersuasive.

First, Amazon argues that Great Northern does not identify a false representation. Doc. 9 at 8-9. That is incorrect. Great Northern alleges that the Amazon website falsely stated that the Hoverboard had a "genuine Samsung battery package," when in fact it had "a counterfeit Samsung battery package produced by a Chinese manufacturer." Doc. 1 at p. 13, ¶ 18.

Second, Amazon argues that Great Northern does not allege that Amazon made that false statement. Doc. 9 at 10-11; Doc. 20 at 4. But the complaint alleges that the statement appeared on Amazon's website, Doc. 1 at p. 13, ¶ 18, and a reasonable inference from that allegation is that Amazon made the statement. (Amazon does not invoke the shield against liability provided by the Communications Decency Act of 1996, 47 U.S.C. § 230(c), so any such argument is forfeited for purposes of this motion. *See Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 669-71 (7th Cir. 2008) (applying § 230(c) to bar a claim alleging that the defendant was liable as a "speaker" for discriminatory advertisements submitted by others and published on the defendant's website)).

Third, Amazon argues that Great Northern fails to allege *who* received and relied on the false statement. Doc. 9 at 11. But the complaint alleges Amazon's website falsely represented that the Hoverboard had a genuine Samsung battery package and that the Perpers purchased the Hoverboard from the website. Doc. 1 at pp. 12-13, ¶¶ 10, 12, 18. A reasonable inference from those allegations is that the Perpers received and relied on the false statement.

5

Fourth, Amazon argues in its reply brief that the complaint does not allege that it was careless or negligent or that it had a duty to communicate accurate information to the Perpers. Doc. 20 at 4. Those arguments, made for the first time in Amazon's reply brief, are forfeited for purposes of the present motion. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Because Volvo raised the applicability of the Maine statute in its reply brief, the district court was entitled to find that Volvo waived the issue.").

Great Northern's negligent misrepresentation claim accordingly survives dismissal.

### III. ICFA Claim

Great Northern also alleges that Amazon violated the ICFA in connection with the Perpers' purchase of the Hoverboard. Doc. 1 at pp. 19-20, ¶¶ 49-56. The ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 608 (7th Cir. 2013) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)). The elements of an ICFA claim are: "(1) a deceptive [or unfair] act or practice by the defendant; (2) the defendant intended that the plaintiff rely on the [deceptive or unfair practice]; (3) the deceptive [or unfair] act[s] occurred during a course of conduct involving trade or commerce; and (4) actual damage to the plaintiff; (5) proximately caused by the deceptive [or unfair] act[s]." *Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014); *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 934-35 (7th Cir. 2010). The ICFA prohibits both "unfair" and "deceptive" acts or practices. 815 ILCS 505/2; *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Although the complaint alleges both types of claims, Great Northern's

opposition brief defends only its deception claim, Doc. 12 at 9-10, thereby forfeiting its unfairness claim for purposes of its motion. *See Lee v. Ne. Ill. Reg'l Commuter R.R.*, 912 F.3d 1049, 1054 (7th Cir. 2019) ("[The forfeiture] rule applies when a party fails to develop arguments related to a discrete issue or when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss… .").

ICFA deception claims are subject to Rule 9(b), *see Pirelli*, 631 F.3d at 447, which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b). "A complaint alleging fraud must provide the who, what, when, where, and how." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation marks and citation omitted). "A principal purpose of requiring that fraud be pleaded with particularity is, by establishing this rather slight obstacle to loose charges of fraud, to protect individuals and businesses from privileged libel (privileged because it is contained in a pleading)." *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 594 (7th Cir. 2003). Accordingly, Rule 9(b) "requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) (quotation marks omitted).

Amazon argues that the complaint fails to comply with Rule 9(b) because it does not identify any statement made by Amazon. Doc. 9 at 13. As shown above, however, it can be reasonably inferred from the complaint that Amazon falsely stated that the Hoverboard had a genuine Samsung battery. Amazon also argues that the complaint does not identify "any fact upon which Amazon knowingly remained silent." *Ibid*. But the complaint alleges that Amazon

7

falsely stated on its website that the Hoverboard had a genuine Samsung battery and also that Amazon was engaged in an "aggressive sales campaign" to sell hoverboards. Doc. 1 at p. 13-15, ¶¶ 18, 21-22. Those allegations yield the reasonable inference that Amazon knew that it was conveying false information and that it did so in order to increase its sales volume.

Amazon also contends that because the only damages sought by Great Northern involve damage to property other than the Hoverboard, its claim is defeated by § 10b(5) of ICFA. Doc. 9 at 11-12. Although § 10b(5) was repealed after briefing closed on this motion, *see* 2019 Ill. Legis. Serv. P.A. 101–25 (H.B. 2472) (effective June 21, 2019), no party brought the repeal to the court's attention or submitted supplemental briefing on its effect. Section 10b(5) provided that the ICFA does not permit "[c]laims seeking damages for conduct that results in bodily injury, death, or damage to property other than the property that is the subject of the practice claimed to be unlawful." 815 ILCS 505/10b(5). The trouble with Amazon's contention is that § 10b(5) was enacted as part of Public Act 89-7 and that the Supreme Court of Illinois in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (Ill. 1997), held unconstitutional other portions of Public Act 89-7 and further held that Public Act 89-7 was invalid in its entirety because the portions held unconstitutional could not be severed from the rest of the Act. *Id*. at 1104.

Amazon retorts that because *Best* held that the "General Assembly [was] free to reenact" the provisions of Public Act 89-7 "deemed invalid … solely on grounds of severability," *id*. at 1106, and because the General Assembly in fact reenacted § 10b(5) in Public Act 89-152, § 10b(5) remained valid. Amazon's argument fails for two separate reasons. First, the General Assembly enacted Public Act 89-152 in 1995, shortly after Public Act 89-7 and years before the Supreme Court of Illinois issued *Best*. Given this, the General Assembly cannot possibly be said to have done what *Best* allowed it to do—reenact § 10b(5) despite its invalidation in *Best*.

8

Second, for the reasons set forth in *Veath Fish Farm, LLC v. Purina Animal Nutrition, LLC*, 2017 WL 4472784, at *4-5 (S.D. Ill. Oct. 6, 2017), Public Act 89-152 did not "reenact" § 10b(5), but "merely reprint[ed], unchanged," § 10b(5) in the process of amending other statutory provisions. *O'Casek v. Children's Home & Aid Soc'y of Ill.*, 892 N.E.2d 994, 1012 (Ill. 2008) (explaining the difference between a genuine reenactment and a "mere iteration of a prior law").

Amazon's initial brief advances no other ground for dismissing the ICFA deception claim, so any such grounds are forfeited for purposes of this motion. And any new arguments advanced for the first time in Amazon's reply brief are forfeited as well. *See Narducci*, 572 F.3d at 324; *Cromeens, Holloman, Sibert, Inc.*, 349 F.3d at 389. Great Northern's ICFA deception claim accordingly survives dismissal.

**Conclusion**

Amazon's motion to dismiss is granted as to Great Northern's negligent failure to warn claim and otherwise is denied. The dismissal of that claim is without prejudice, and Great Northern will be given until September 10, 2019, to file an amended complaint that repleads the claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [its] complaint before the entire action is dismissed."). If Great Northern does not replead the claim, its dismissal will convert automatically to a dismissal with prejudice.

August 20, 2019

United States District Judge